UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE BELANGER and
TIMOTHY J. BELANGER,

    Plaintiffs,

v.

THE BANK OF NEW YORK MELLON
and TROTT & TROTT, P.C.,

    Defendants.
_____/

File No. 1:12-CV-1055

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Defendant Bank of New York Mellon's ("BNYM") motion to dismiss Plaintiffs Katherine and Timothy Belanger's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.) Previously, this Court dismissed Defendant Trott & Trott, P.C., pursuant to a consent order. (Dkt. No. 12.) For the reasons that follow, the motion to dismiss will be granted.

**I.**

On March 29, 2007, Plaintiffs obtained a mortgage loan, evidenced by a promissory note, for $270,000 from America's Wholesale Lender. (Dkt. No. 9, Exs. 2-3.) As security, Plaintiffs granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.*) On January 28, 2010, MERS assigned the mortgage to BNYM. (Dkt. No. 9, Ex. 4.) Plaintiffs defaulted, and BNYM purchased the property by Sheriff's Deed at the resultant foreclosure by advertisement sale on September 17, 2010. (Dkt. No. 9, Ex. 5.)

On June 1, 2011, Bank of America sent Plaintiffs a letter in response to an inquiry forwarded to Bank of America by the Office of Carl Levin. (Dkt. No. 13, Ex. 1.) This letter provided that the foreclosure sale was valid, but went on to state: "A request for rescission of sale was submitted on April 28, 2011, and as of the date of this letter has been approved. Your home loan is currently in review for home loan modification assistance." (*Id.*)

Following the expiration of the redemption period, BNYM filed a complaint in Michigan's 86th Judicial District Court seeking the eviction of Plaintiffs through a summary proceeding.[1] (Dkt. No. 9, Ex. 6.) A possession judgment in favor of BNYM was entered on October 21, 2011. (Dkt. No. 9, Ex. 1.) On May 25, 2012, a stipulation was entered stating that Plaintiffs would file a complaint in the 13th Circuit Court seeking to quiet title, and that "[t]his matter shall be stayed . . . pending the outcome of Circuit Court proceedings arising out of the same transaction and concerning title to the same real property which is the subject of the District Court action." (Dkt. No. 13, Ex. 2.) On July 3, 2012, Plaintiffs filed a complaint in circuit court, which was removed by BNYM to this Court on September 28, 2012.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential

---

[1] A summary proceeding is defined by Michigan law as "a civil action to recover possession of premises and to obtain certain ancillary relief." Mich. Comp. Laws § 600.5701.

allegations respecting all material elements to sustain a recovery under some viable legal theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). In reviewing such a motion, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted). While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III.

Plaintiffs' complaint contains six counts: (1) quiet title, (2) breach of contract, (3)

3

promissory estoppel, (4) common law slander of title, (5) slander of title in violation of Mich. Comp. Laws § 565.108, and (6) violation of the foreclosure by advertisement requirements of Mich. Comp. Laws §§ 600.3204 and 600.3205a. (Dkt. No. 1, Ex. 1, Compl.) Plaintiffs have failed to state a claim as to any of these counts.

## A. Res Judicata

"Res judicata provides that federal courts must give state court judgments the same effect the rendering state court would give them." *Hutcherson v. Lauderdale Cty., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003) (citing 28 U.S.C. § 1738). There are four elements to a res judicata defense:

> (1) the underlying judgment must have been rendered by a court of competent jurisdiction; (2) the same parties were involved in both suits; (3) the same cause of action was involved in both suits; and (4) the underlying judgment was on the merits.

*Id.* at 758.

**1) Michigan Law on Res Judicata and Summary Proceedings**

"Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999). However, due to the limits placed on summary proceedings by statutory language,[2] Michigan courts have found an exception to this broad application

---

[2]"The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief." Mich. Comp. Laws § 600.5750.

4

of res judicata in the context of summary proceedings.  "[J]udgment in [] summary proceedings, no matter who prevails, does not bar other claims for relief."  *JAM Corp. v. AARO Disposal, Inc.*, 600 N.W.2d 617, 622 (Mich. 1999).  However, res judicata is still applicable to summary proceedings in some circumstances.  The Michigan Supreme Court has subsequently provided that res judicata is still applicable when there is an unappealed district court consent judgment on a matter actually litigated.  "Nothing in the statute or in *JAM Corp.* stands for the proposition that, having litigated in the district court the issue who has the right to the premises, that question can be relitigated de novo in a subsequent suit." *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 224 (Mich. 2001).  Thus, issues litigated in a summary proceeding may be barred by res judicata, but issues that "could have been" brought during summary proceedings, but were not, may not be barred by res judicata.  *Id.* at 225.

**2) Arguments Against Applying Res Judicata in this Matter**

Plaintiffs argue that res judicata is inapplicable to the present case.  First, they contend that the present situation is different than that in *Sewell* because they have contested the possession judgment.  In support, Plaintiffs cite a motion to vacate the eviction order and an objection to entry of an order for possession, both filed in the district court proceeding.  (Dkt. No. 13, Exs. 3, 4.)  This argument lacks merit.  The motion to vacate is handwritten and undated, and the objection was specifically withdrawn as part of the stipulation to BNYM's right of possession.  (Dkt. No. 13, Ex. 2, ¶ 3.)  Nor is there any evidence that Plaintiffs have

5

appealed the entry of the possession judgment. Plaintiffs also point out that they filed a motion in the district court proceeding for relief from final judgment. (*See* Dkt. No. 13, Ex. 5.) This motion has not been ruled on due to the stay requested and granted as part of the stipulation. Nevertheless, "a motion [for relief] . . . does not affect the finality of a judgment or suspend its operation." Mich. Ct. Rule 2.612(C)(2). Next, Plaintiffs contend that their claims were not decided on the merits – a prerequisite to res judicata – because no eviction was entered and a stay was granted. The first contention is untrue. An order of eviction was entered on December 11, 2007. (Dkt. No.15, Ex. 1.) Even if an order of eviction had not been entered, a possession judgment is still a final judgment on the merits. *See* Mich. Ct. Rule 4.201(K), (N). As for the stay, it went into place *after* entry of the possession judgment. Thus, the stay has only stayed the eviction process and has no effect on the finality of the possession judgment itself or the fact that this judgment was entered on the merits.

Last, Plaintiffs contend that BNYM, by agreeing to the stipulation, has waived the res judicata defense. In support, Plaintiffs cite a footnote in *JAM* quoting remarks from the counsel for AARO:

> If [counsel for JAM, Inc.] can produce certified records from the Corporations and Securities Bureau that Jam, Inc., existed on April-in April of 1990, I-I'll stipulate to issuance of a writ of restitution. But if he can't, then-then a judgment is entered that that sublease is null in [sic] void; and we can go-and this complaint is dismissed, and *we can go to Circuit Court-we have to go to Circuit Court over the remaining issues.* [Emphasis supplied.]

600 N.W.2d at 622 n.8. While *JAM* stated in dicta that these remarks constituted a waiver

6

of res judicata, *JAM* specified that the remarks *only* waived the res judicata defense for claims not litigated in the summary proceeding (which the court recognized as an unnecessary waiver, in light of its conclusion that res judicata is inapplicable to claims unlitigated in a summary proceeding). *Id.* Thus, BNYM's agreement to the stipulation, to the extent it can be considered a waiver of the res judicata defense, can only be considered to have waived the res judicata defense for unlitigated claims, which are already ineligible for res judicata due to *JAM* and *Sewell*.

3**) Application of Res Judicata in this Matter**

When there is a district court judgment that is "conclusive of defendant's right to possession," "res judicata bars relitigation of the validity of the sheriff's sale on which defendant's right of possession was premised." *Simpson v. JP Morgan Chase Bank, N.A.*, No. 292955, 2010 WL 3814853, at *1 (Mich. Ct. App. 2010). However, claims that were not raised in district court before the entry of judgment and on which a determination in Plaintiffs' favor "would not conflict with the district court's judgment awarding possession of the premises," are not barred by res judicata. *Id.* at *2.

The only remedy for Plaintiffs' quiet title claim is possession of the premises, an issue that, as evidenced by the possession judgment, has already been litigated. Thus Count 1 is barred by res judicata and will be dismissed. *See Sewell*, 621 N.W.2d at 224; *Simpson*, 2010 WL 3814853 at *1. All of Plaintiffs' remaining claims (Counts 2-6) – to the extent they seek possession of the premises – are also barred by res judicata because a determination in

Plaintiffs' favor would conflict with the possession judgment. However, to the extent these claims also seek monetary damages, they are only barred by res judicata if they were presented to the district court before the entry of possession judgment in favor of BNYM. It is unclear from the record which of these claims, if any, were presented to the district court. Thus, for purposes of the present motion to dismiss, the Court will assume that none of the claims in Counts 2-6 for monetary damages were presented before the entry of possession judgment. Accordingly, the Court will not dismiss any of these claims on account of res judicata.

**B. Failure to State a Claim**

   **1) Legal and/or Equitable Title in the Property**

Michigan's foreclosure statute provides that, once the redemption period is expired, all of the mortgagor's rights in the property are extinguished by operation of law. Mich. Comp. Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). This includes any rights arising under equity. *Senters v. Ottawa Sav. Banks, FSB,* 503 N.W.2d 639, 644 (Mich. 1993) ("Where, as in the present case, a statute is applicable to the circumstances and dictates the requirements for relief by one party, equity will not interfere.").

The redemption period following a foreclosure is six months after the date of the sale, Mich. Comp. Laws § 600.3240, and Michigan law does not allow for an extension of the statutory redemption period absent a clear showing of fraud or irregularity. *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969). The Michigan courts have determined that, after the expiration of the redemption period, a mortgagor does not have standing to bring

8

an action to quiet title or challenge the foreclosure proceedings. *See Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam); *Sagmani v. Lending Assocs. LLC*, No. 302865, 2012 WL 3193940, at *2 (Mich. Ct. App. Aug. 7, 2012) (per curiam); *Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012).

In the present matter, the redemption period expired on March 17, 2011. (*See* Dkt. No. 5, Ex. 9.) In order to qualify for the fraud exception and extend the redemption period, the fraud or irregularity must be in "conducting the legal measures." *Heimerdinger v. Heimerdinger*, 299 N.W. 844, 846 (Mich. 1941). This requires that the fraud or irregularity be present in the foreclosure procedure itself. *Sagmani*, 2012 WL 3193940 at *1 ("A party can challenge the foreclosure after the redemption period only if there is clear evidence of fraud or irregularity in the foreclosure proceedings."). None of Plaintiffs' claims relate to fraud in the actual foreclosure process other than Count 6, which alleges various violations of statutory foreclosure notice requirements.

However, Count 6 does not present the requisite "clear evidence" of fraud because it fails to state a claim upon which relief may be granted. In Count 6, Plaintiffs allege that BNYM violated Michigan Comp. Laws §§ 600.3204 and 600.3205a by failing to send the foreclosure notice to *both* Plaintiffs, incorrectly stating that the number of days to request a meeting was 14, failing to state the redemption period in the notice, incorrectly listing BAC Home Loans Servicing as the mortgage holder, and not listing BNYM as the mortgage

holder.³ The provisions of § 600.3204 implicated by these allegations are dependent upon violation of § 600.3205a, and none of these allegations evidence a violation of the version of § 600.3205a that was in effect at the time the notice of foreclosure was sent.

First, Plaintiffs admit that the notice was sent to Katherine Belanger. The version of § 600.3205a in effect at the time of the notice was sent – January 29, 2010 – only requires that notice be sent to the "borrower." Mich. Comp. Laws § 3205a (2009) (amended 2011). Katherine Belanger is the only "borrower" listed on the promissory note. (*See* Dkt. No. 9, Ex. 3.) Next, the 2009 version of the statute provided that the statutory period for requesting a loan modification was 14 days, and not 30 days as the current version suggests. *See* Mich. Comp. Laws § 3205a (2009) (amended 2011). Additionally, there is no requirement in the statute to state the redemption period in the notice. *Id.* Also, the statute specifically requires designation of the name of "the mortgage holder, the mortgage servicer, *or any agent designated by the mortgage holder or mortgage servicer.*" *Id.* (emphasis added). In accordance with the statute, the notice identified Trott & Trott as "[t]he agent designated by the Mortgage Servicer and/or Mortgage Holder." (Dkt. No. 1, Attach. 1, Ex. 6.) BNYM did not have to be identified. Moreover, the notice did not identify BAC Home Loans Servicing as the mortgage holder. It explicitly identifies BAC as the "creditor." Lastly, the Court notes

---

³At various other points in the introductory paragraphs (although not in any count), Plaintiffs allege the additional violations of different statutory provisions for a failure to record the assignment of the loan, a failure to post notice of adjournment of the foreclosure sale, and a failure to publish appropriate notice that the mortgagor can be held liable for property damage. (Compl. ¶¶ 18, 21, and 22.) Even if true, none of this identified behavior violates Michigan law. *See* Mich. Comp. Laws §§ 600.3204, 600.3220, 600.3212.

that even if any of the identified behavior did violate the 2009 version of the statute, Plaintiffs have not demonstrated any resulting prejudice or harm.

Because Count 6 will be dismissed for failure to state a claim, and none of Plaintiffs' remaining claims relate to fraud in the foreclosure process itself, the expiration of the redemption period extinguished Plaintiffs' right to challenge the foreclosure process. Thus, all of Plaintiffs' claims seeking legal or equitable title in the property – Count 1 in its entirety, and Counts 2-5, to the extent they seek title – will be dismissed not only due to res judicata but also for failure to state a claim. *See G.M. Eng'rs & Assoc.*, 922 F.2d at 330 (requiring there to be a set of facts consistent with the allegations that would entitle the plaintiff to relief in order for a claim to survive a motion to dismiss).

**2) Monetary Remedies**

The remaining claims (Counts 2-5 to the extent they seek monetary damages) will also be dismissed for failure to state a claim. As for Count 2, breach of contract, Plaintiffs fail to allege any harm resulting from a breach of contract. The alleged breach is the failure of BNYM to provide notice of the change in the loan servicer, as required by the mortgage. However, Plaintiffs have not pleaded damages sufficiently. The sole reference to damages is that "[a]s a result of Defendants' actions, Plaintiffs have been damaged." (Compl. ¶ 33.) "[A] formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555. Plaintiffs allege no facts suggesting that any failure to provide notice of the change in loan servicer resulted in actual damages. They do not allege that any of their

11

payments were sent to the wrong party, misapplied, or uncredited. In fact, there is nothing in the complaint that would support even an inference that Plaintiffs were damaged by BNYM's alleged failure to notify them of the change in loan servicer. Thus, Count 2 must be dismissed for failing to contain either direct or inferential allegations respecting a material element needed to sustain recovery. *See In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d at 903.

Count 3 alleges promissory estoppel. To the extent Plaintiffs seek title in the property, that remedy is foreclosed by res judicata and the expiration of the redemption period. To the extent Plaintiffs seek monetary damages, they fail to allege a definite promise. "Promissory estoppel requires an actual, clear, and definite promise." *Charter Twp. of Ypsilanti v. Gen. Motors Corp.*, 506 N.W.2d 556, 559 (Mich. Ct. App. 1993). However, the promise identified by Plaintiffs is the sentence in the Bank of America letter stating that their request for rescission "*as of the date of this letter* has been approved." (Dkt. No. 13, Ex. 1 (emphasis added).) This promise was clearly conditional on Plaintiffs repaying the loan under the original promissory note or, alternatively, under a loan modification, as the next sentence makes clear: "Your home loan is currently in review for home loan modification assistance." (*Id.*) Additionally, the letter concluded, "[p]lease understand that workout assistance is not guaranteed and is contingent upon program availability and legislative guidelines . . . ." (*Id.*) Given this language, it is not plausible to interpret the alleged promise in the letter as a promise to have the foreclosure remain rescinded even if Plaintiffs never repaid the loan.

Thus, because Plaintiffs have not alleged that they met their repayment obligations under either the initial promissory note or under any loan modification, there is no enforceable promise on the part of BNYM to keep the foreclosure rescinded. Count 3 is consequently dismissed. *See In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d at 903.

Counts 4 and 5 fail to state a claim for relief because the statute of limitations for slander of title is one year in Michigan. *Bonner v. City of Chicago Title Ins. Co.*, 487 N.W.2d 807, 812 (Mich. Ct. App. 1992). This is true for both common law and statutory slander of title. *See Gorman Golf Prods., Inc. v. FPC, LLC*, Nos. 295201, 296274, 296671, 2011 WL 4424349, at *5 (Mich. Ct. App. Sept. 22, 2011) (rejecting the argument that the statutory definition of slander of title is governed by Michigan's 6-year, catch-all statute of limitations). "The right of action accrues from the time of publication." *Id.* at *4 (quoting *Grist v. Upjohn Co.*, 134 N.W.2d 358, 362 (Mich. Ct. App. 1965)). Plaintiffs' allegations of slander relate to the notices published with regard to the foreclosure process. Because the foreclosure sale was completed in September 2010, the publication of these notices must have also taken place in 2010. This action was not filed until July 3, 2012, well after the statute of limitations would have expired. Moreover, Plaintiffs have not identified any false statements in these notices. As discussed, the alleged defects in the notices are not actually statutory defects.

**IV.**

Because Plaintiffs' complaint does not contain sufficient factual matter, accepted as

13

true, to state a claim to relief that is plausible on its face, *Iqbal*, 556 U.S. at 678, the motion to dismiss is granted.

An order consistent with this opinion will be entered.


Dated: January 28, 2013                            /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE